**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARIA PETER, *et al.*, | ) | CASE NO. 5:22 CV 267 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| SUSAN DIANE WOJCICKI, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiffs Maria Peter and Michael Peter from Austria, and Julika Berger and Jarolin Berger from Germany filed this action against YT Chief Executive Officer Susan Diane Wojcicki from California, BMGF President William Gates from Washington, Mode-RNA Therapeutics, Inc. Chief Executive Officer Stephanie Bancel from Massachusetts, and Pfizer, Inc. Chief Executive Officer Albert Bourla from New York. The allegations in the Complaint are difficult to decipher. They appear to allege that the Defendants failed to keep the Covid-19 virus from spreading leading terrorists to realize the effectiveness of synthetic bio-weapons, possibly leading to retaliatory nuclear strikes by NATO. Although the Plaintiffs do not specify a legal claim they are attempting to assert, they utilized a Complaint form for negligence claims. Plaintiffs seek monetary damages for anxiety related illnesses.

None of the Plaintiffs paid the filing fee. Maria Peter is the only Plaintiff to file an Application to Proceed *In Forma Pauperis*. Her Application is granted. The remaining Plaintiffs are dismissed from this action for failure to prosecute.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must

construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

As an initial matter, this case has no specific connection to the Northern District of Ohio. A civil action may be brought only in: (1) a judicial district where any Defendant resides, if all Defendants reside in the state in which the Court is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) if there is no district in which an action may otherwise be brought as provided by this section, any judicial district in which any Defendant is subject to the Court's personal jurisdiction with respect to the action brought. 28 U.S.C. § 1391(b). None of the Defendants reside in Ohio. Although Covid-19 is a global pandemic, Plaintiffs have not alleged any events which specifically occurred in the Northern District of Ohio. Moreover, Plaintiffs have not alleged facts that suggest this District Court has personal jurisdiction over any of the Defendants. This Court is not the proper venue for this action.

Title 28 U.S.C. § 1406(a) provides that an improperly venued action shall be dismissed unless it is "in the interest of justice" that it be transferred to a district or division in which it could have been brought. Because the Complaint is nearly incomprehensible and contains no facts actually connecting any of the Defendants to the cause of the pandemic, it would not be in the interest of justice to transfer this matter to another district. This action is dismissed.

**IV.     Conclusion**

Accordingly, Maria Peter's Application to Proceed *In Forma Pauperis* is granted, and this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.


Date: April 20, 2022                   */s/ John R. Adams*
                                        JOHN R. ADAMS
                                        UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.